AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| | |
|---|---|
| United States of America<br>v.<br><br>TEOTIM CIZMAR<br><br>*Defendant(s)* | Case No.<br>16-MJ- 7103 |

FILED
DEC 5 2016
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __Jan. 2012 through Dec. 2016__ in the county of __Ford__ in the __Central__ District of __Illinois__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2251(a) and (e) | Attempted or did employ or use a minor for the purpose of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and (e) |
| 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2) | Did knowingly possess child pornography in violation of 18 U.S.C. §§ 2252A (a)(5)(b) and (b)(2) |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

s/Anthony Manganaro

_____
*Complainant's signature*

Anthony Manganaro, Special Agent, FBI
_____
*Printed name and title*

Sworn to before me and signed in my presence.

s/Eric I. Long

Date: 12/4/2016

_____
*Judge's signature*

City and state: __Urbana, Illinois__   ERIC I. LONG, U.S. MAGISTRATE JUDGE
_____
*Printed name and title*

AFFIDAVIT IN SUPPORT
OF A CRIMINAL COMPLAINT

I, Anthony Manganaro, Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice, having been first duly sworn, do hereby depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1. I, your affiant, am a Special Agent with the Department of Justice (DOJ), Federal Bureau of Investigation (FBI), currently assigned to the Champaign, Illinois, office of the Springfield, Illinois, Division, with prior assignment in the Laredo, Texas, office of the San Antonio, Texas, Division. I have been so employed with the FBI since August 2010. As part of my daily duties as an FBI Special Agent, I investigate criminal violations relating to child exploitation and child pornography, including violations under 18 U.S.C. §§ 2251, 2252, and 2252A pertaining to, *inter alia*, the illegal production, distribution, receipt, possession, and advertisement of child pornography. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256)[1], in various forms of media including computer media. Prior to employment with the FBI, I was employed with the Tulsa Police Department, a

---

[1] "Child Pornography means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; . . . [or] (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." For conduct occurring after April 30, 2003, the definition also includes "(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8).

1

portion of which time I was assigned to the crimes against children investigative unit, and participated as an FBI Task Force Officer on the Innocent Images National Initiative. In that capacity I investigated criminal violations relating to child exploitation, child pornography, child sexual abuse, child physical abuse, and child deaths. Within the aforementioned law enforcement capacities, I have participated in the execution of several search warrants that involved child exploitation and/or child pornography offenses, and have been the affiant on numerous search and arrest warrants related to allegations of child sexual and physical abuse, and child homicide.

2. I am an investigative and law enforcement officer of the United States, who is empowered by law to conduct investigations of and to make arrests for the offense(s) enumerated in the possession and distribution of child pornography, Title 18 of the United States Code (U.S.C.), as amended. As an FBI Special Agent, I am authorized to execute warrants issued under the authority of the United States.

3. The statements contained in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested arrest warrant and does not set forth all of my knowledge about this matter.

4. I make this affidavit in support of a criminal complaint and arrest for TEOTIM CIZMAR (hereafter "CIZMAR"). As will be shown below, there is probable cause to believe that CIZMAR attempted to or did employ or use a minor for the purpose of producing a visual depiction of that minor engaging in sexually explicit

2

conduct (as defined in 18 U.S.C. § 2256)² ("child pornography") in violation of 18 U.S.C. §§ 2251(a) and (e), and knowingly possessed visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2).

## RELEVANT STATUTES

5. This investigation concerns alleged violations of 18 U.S.C. §§ 2251(a) and (e) and 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2). Title 18, United States Code, Sections 2251(a) and (e) prohibit a person from using and employing, or attempting to use or employ, a minor for the purpose of producing a visual depiction of that minor engaging in sexually explicit conduct. Title 18, United States Code, Sections 2252A(a)(5)(b) and (b)(2) prohibit a person from knowingly possessing any child pornography or any material that contains child pornography, as defined in 18 U.S.C. § 2256(8).

## PROBABLE CAUSE

6. On December 1, 2016, I was contacted by Special Agent (SA) Bradley Cosgrove with the Illinois State Police regarding a complaint SA Cosgrove had received concerning materials involving child exploitation.

7. SA Cosgrove reported that on November 30, 2016, the Herscher Police Department, located in Kankakee County, Illinois, contacted the Illinois State Police (ISP) to inform the ISP about a complaint received regarding child pornography and to request assistance. Herscher Chief of Police Rick Gilbert informed SA Cosgrove that

---

² "[M]inor" means "any person under the age of eighteen years." 18 U.S.C. § 2256(1). "[S]exually explicit conduct" means actual or simulated - "(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2).

3

Cooperating Witness One (CW1), the owner of a small computer and electronics repair shop, contacted the department earlier that day regarding open child pornography image files that CW1 saw on a laptop that had been dropped off at CW1's shop. The laptops were left for repair by an individual known to CW1 as "Andrew Cizmar," later identified as TEOTIM CIZMAR ("CIZMAR"). Chief Gilbert then went to CW1's place of business and collected that laptop - later identified as a black ASUS laptop computer (S/N: C9NDA5545288398) ("the ASUS laptop") – and another that had been dropped off by CIZMAR at the same time, a black HP Model 15-f233wm laptop computer (S/N: 5CD53522XG) ("the HP laptop"), and logged them into evidence. While at the shop, Chief Gilbert and Herscher Police Department Lieutenant Chad Scanlon viewed four of the images seen by CW1 and confirmed that two of those images constituted child pornography.

8.  On December 1, 2016, SA Cosgrove took possession of the computers from the Herscher Police Department and issued the Herscher Police Department an Illinois State Police Evidence Inventory and Receipt.

9.  That same day, SA Cosgrove and Chief Gilbert met with CW1 at CW1's place of business and conducted an interview with CW1. CW1 stated that on November 30, 2016, upon opening and powering on CIZMAR's ASUS laptop, CW1 immediately noticed that an image of adult pornography was open on the screen. CW1 minimized the image and then saw four additional open images that CW1 found troubling due to their content. SA Cosgrove requested that CW1 show both him and Chief Gilbert the photographs that concerned CW1 but cautioned CW1 to show nothing other than the

4

photographs CW1 had observed the day before. SA Cosgrove informed me that once the ASUS laptop was opened, a pornographic photograph of two approximately 16- to 18-year old females appeared. CW1 also showed SA Cosgrove three additional photographs that were open on the ASUS laptop, one of which depicted child pornography and another that showed a clothed child ████████████████████. CW1 also showed SA Cosgrove and Chief Gilbert a fourth photograph depicting a topless female of about 11 years of age ██████████████████████████ and a clothed male of about eight years of age ██████████████████████. That photograph also depicted an approximately eight-year-old female who was naked and lying on her back with her legs flexed toward her head and her genitals exposed. The photograph appeared to have been taken on a piece of furniture inside a residence. ████████████████████████████████████████████████████████████████████████████████████████████████████████ CW1 recalled that CIZMAR had stated that his wife lives in "Korea"; ████████████████████ ████████████████████████████████████████████████████████████████ CW1 further stated that CW1 had worked on approximately four different computers for CIZMAR over the past couple of years.

    10.    Herscher Police, during their initial interview with CW1, and SA Cosgrove, following a subsequent interview with CW1, also viewed the remaining images that were open on the ASUS laptop screen (approximately a dozen in total) and

5

identified two to three additional images that appeared to depict child pornography. SA Cosgrove then notified me about the child pornography complaint, showed the open images on the ASUS laptop screen to me, and relinquished both laptops into FBI custody. I respectfully ask that the Court not rely on the dozen or so additional images viewed by law enforcement for its determination of probable cause and instead solely rely on the images that were viewed by the laptop technician.

11.  Also on December 1, 2016, your affiant conducted a subsequent interview with CW1. Additional information learned from that interview is as follows.[3] CW1 stated that CIZMAR had been bringing laptop computers to his repair shop approximately every three to five months over a period of two years. CW1 confirmed that CW1 has performed work on approximately four different laptops brought in by CIZMAR.

12.  CW1 again stated that on or about November 22, 2016, CIZMAR brought in the ASUS laptop and the HP laptop. CIZMAR requested that both the ASUS and HP laptops be cleaned, as they were running slowly, and further requested assistance on password protecting the ASUS computer. CW1 stated that CW1 accessed the laptops to perform the requested work on November 30, 2016. Upon opening the ASUS laptop, CW1 immediately saw an open folder and image program displaying an adult pornographic image. CW1 minimized the image, and the following image depicted

---

[3] Information included in the summary of SA Cosgrove's interview in this affidavit that was reiterated by CW1 to your affiant is not necessarily restated here.

what CW1 believed was child pornography. CW1 minimized this image, and the following image depicted a clothed non-pornographic image of a child ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ CW1 minimized this image, and the following image depicted two prepubescent children, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. At that point, CW1 notified the Herscher Police Department.

13. CW1 described one of the child pornography images he viewed on the ASUS computer as depicting a prepubescent female approximately six to nine years of age. The prepubescent female was standing on a bed with her legs spread exposing her genitals. The prepubescent female's hand was near her genitals and may have been holding something. CW1 stated that the image itself appeared to be taken from a camera taking a picture of a computer screen based on pixilation lines on the image and evidence of a camera flash reflecting off the screen. CW1 described a second image involving child pornography as the image depicting two prepubescent females seated on a couch. One prepubescent female was completely unclothed, and was seated with her knees close to her head causing her genitals to be completely exposed. The second prepubescent female was topless, and was covering her breasts with her hands. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Both image file names started with "DSC," which, according to CW1, indicates the photographs were taken with a digital camera, cellular telephone, or similar device.

14. On December 2, 2016, United States Magistrate Judge Eric I. Long authorized the search of CIZMAR'S residence, 113 Crescent Lane, Cabery, Illinois,

7

60919,[4] Search Warrant No. 16-MJ-7101, and authorized the search of the ASUS and HP laptops, Search Warrant No. 16-MJ-7102.

15. Following the issuance of the search warrant for the ASUS and HP laptops, I opened the ASUS laptop and observed an open folder containing approximately 100 pictures. I did not open the pictures at that time but was able to view thumbnail images. The large majority of these pictures appeared to be pornographic in nature, a portion of which I believe depicted minors.

16. On December 3, 2016, at about 0730 hours, ISP SA Cosgrove and I identified and approached CIZMAR at CW1's computer repair shop, 33 S. Oak St., Herscher, Illinois, 60941, as CIZMAR arrived to collect the ASUS and HP laptops. ███████████ CIZMAR acknowledged that his place of residence was 113 Crescent Lane, Cabery, Illinois, 60919. ███████████ CIZMAR had a bag with him containing his wallet, two cellular telephones, a digital camera, and miscellaneous papers. CIZAMAR was detained pursuant to the investigation, and transported to the Ashkum, Illinois, ISP Zone 3 offices.

---

[4] Stelle, Illinois, is an unincorporated area approximately five miles from Cabery, Illinois, in Rogers Township in Ford County, Illinois. 113 Crescent Lane is listed with certain sources as being in Stelle, Illinois, and with others as being in Cabery, Illinois. The same zip code, 60919, applies to both addresses. The addresses 113 Crescent Lane, Stelle, Illinois, 60919, and 113 Crescent Lane, Cabery, Illinois, 60919, both correspond to the same residence, which is further described in Attachment A.

17. Upon arriving at the ISP offices, CIZMAR was placed in an interview room. I then read CIZMAR his advice of rights. CIZMAR did not sign the accompanying form; however, he did not invoke his rights, and willing spoke with ISP SA Cosgrove and myself.

18. CIZMAR again advised that he was the only adult occupant of his residence, 113 Crescent Lane, Cabery, Illinois, 60919. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

19. During the course of the interview, CIZMAR described viewing and downloading pornography from various websites, specifically mentioning Russian websites. CIZMAR said that he spoke several different Slovak languages. CIZMAR stated that he had saved approximately 100 different websites, the majority of which he described as nudist. CIZMAR stated that he viewed pornographic material approximately one or two times per week, with occasional month-long gaps. CIZMAR additionally mentioned using cloud-based services.

20. When questioned regarding pornographic images of children seen on his laptops, CIZMAR explained that he had heard the images were "morphed," and therefore were not illegal. During the interview, CIZMAR agreed that the viewed and downloaded pornographic images were for his own sexual gratification and denied ever distributing the images.

21. CIZMAR advised that several different juvenile females had been to his residence ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ during the past several years. CIZMAR stated that

9

he once discovered several videos on one of his laptops that depicted these juvenile females dancing to music on a bed, in various stages of undress. CIZMAR said it was the children who took the videos with the laptop. CIZMAR explained that he thought he had deleted most of those videos, but said he thought he took a photograph with a digital camera of one of the videos.

22. CIZMAR identified another prepubescent juvenile female, M.A., who had been to his house ███████████████ over the past several years. CIZMAR further identified an image of a prepubescent female shown to him by law enforcement as M.A.[5] This image depicted the same minor that was depicted without clothes and raising her legs near her head and exposing her genitals in the photograph ███ ███████████████ described in paragraphs 9 and 13. CIZMAR admitted to taking numerous photographs of M.A. with a digital camera at different times during the past several years. CIZMAR described how M.A. would try on different dresses ███████████, and ask CIZMAR to take photographs of her. CIZMAR stated that while he took these photographs, M.A. would lift the dresses to reveal her butt. CIZMAR said that on another occasion he took photographs of M.A. while she was running around unclothed and wrapped in toilet paper. CIZMAR stated that he believed he deleted those photographs; however, he added that he may have saved some of the photographs, but said they were not for sexual gratification.

---

[5] This image was cropped from a non-pornographic image of the prepubescent female that was found on CIZMAR's ASUS laptop.

23. Near the conclusion of the interview, CIZMAR stated that the images of naked children he possessed were not for the purposes of sexual gratification. CIZMAR further advised he wanted a sexual relationship with an adult and was not sexually attracted to children. CIZMAR then suggested he maybe should have had an attorney and inquired how he could get one. I explained the court process, and said that an attorney could be provided for him, and terminated the interview.

24. Items recovered from CIZMAR included a Sony Cyber-shot digital camera, Model DSC-W90, Serial Number 8287765; a Samsung Galaxy Express 3 cellular telephone, Model SM-J120A UD, Serial Number R58H342TYSW, IMEI 356266071398975; and a ZTE cellular phone, Model Z958, Serial Number 3258525912D2, IMEI 867420020526093. The batteries were removed from each of the cellular telephones to prevent wireless access, and law enforcement determined each electronic device's identification number. I transported these items from the Ashkum, Illinois, ISP Zone 3 offices to the FBI Champaign Resident Agency, 2117 W. Park Ct., Champaign, Illinois, 61821, and placed the items in the evidence control room.

25. On December 3, 2016, at about 0820 hours, federal and state law enforcement executed the federal residential search warrant for 113 Crescent Lane, Cabery, Illinois, 60919. (*See* Search Warrant No. 16-MJ-7101.) During the execution of the search warrant, FBI SA Andrew Huckstadt observed in the office of the residence an actively running laptop. The background screen of this laptop was an image depicting what appeared to be a 13- to 15-year-old girl undressing. I also questioned CIZMAR about this photograph during his interview, and prior to his inquiry about retaining an

11

attorney. CIZMAR acknowledged that he had downloaded the photograph off of the Internet; however, CIZMAR stated that the female in the photograph was an adult. The door to this office room had a deadbolt installed requiring keyed access from the hallway, though it was open at the time the residential SW was executed. Additionally, law enforcement agents discovered a couch in this office that is believed to be the same couch observed in the image described in paragraphs 9 and 13 of this document, on which ▮▮▮▮ the unclothed prepubescent female later identified by CIZMAR as M.A. were seated. SA Huckstadt observed numerous electronic devices in the house, including four laptop computers, one desktop computer tower, 22 thumb drives, two cellular telephones, and two tablet devices. These items and others were seized pursuant to the residential search warrant.

Further, affiant sayeth not.

Respectfully submitted,
s/Anthony Manganaro

Special Agent Anthony M. Manganaro
Federal Bureau of Investigation

Sworn to before me this ___ day of December, 2016.
s/Eric I. Long

ERIC I. LONG
Honorable United States Magistrate Judge

12