## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CR-20080 |
| vs. | ) | Hon. Colin S. Bruce, District Judge, |
| | ) | presiding |
| TEOTIM CIZMAR, | ) | |
| | ) | Hon. Eric I. Long, Magistrate Judge |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S
## RESPONSE TO DEFENDANT'S MOTION TO REVOKE
## DETENTION ORDER AND FOR RELEASE ON CONDITIONS

The United States of America, by its attorneys, Patrick D. Hansen, Acting United States Attorney for the Central District of Illinois, and Assistant United States Attorney Katherine V. Boyle, respectfully submits its response to the defendant Teotim Cizmar's Motion to Reconsider Detention Order and for Release on Conditions. In support of its response, the United States states the following:

## FACTUAL BACKGROUND

On November 30, 2016, law enforcement agents received a complaint regarding child pornography images on an ASUS laptop computer owned by the defendant Teotim Cizmar. The images depicted prepubescent children with whom the defendant was acquainted; appeared to have been taken with a digital camera, cellular telephone or similar device; and were later found to have been taken inside the defendant's residence. The defendant had recently requested professional assistance in password protecting this computer.

On December 2, 2016, United States Magistrate Judge Eric I. Long authorized the search of the defendant's residence, XXX Crescent Lane, Cabery, Illinois, 60919, and further authorized the search of the ASUS laptop.

On December 3, 2016, law enforcement agents identified and approached the defendant. The defendant had a bag with him containing his wallet, two cellular telephones, a digital camera, and miscellaneous papers. The defendant was detained pursuant to the investigation and transported to the Ashkum, Illinois, Illinois State Police Zone 3 offices.

During a subsequent interview with law enforcement, the defendant acknowledged that his residence was XXX Crescent Lane, Cabery, Illinois, 60919. He described viewing and downloading pornography from various websites, specifically mentioning Russian websites. When questioned regarding pornographic images of children seen on his laptops, the defendant explained that he had heard the image were "morphed," and therefore were not illegal. During the interview, the defendant agreed that the viewed and downloaded pornographic images were for his own sexual gratification and denied ever distributing the images.

The defendant further advised that various juvenile females had been to his residence during the past several years. The defendant said that he had once discovered several videos on one of his laptops that depicted these juvenile females dancing to music on a bed, in various states of undress. The defendant explained that he thought

he had deleted most of those videos, but said he thought he took a photograph with a digital camera of one of the videos.

The defendant identified an image of a prepubescent female, referred to here as Minor Victim 1 ("MV1"), shown to him by law enforcement. The defendant acknowledged that MV1 had been to his home on various occasions during the past several years. The image of MV1 shown to the defendant by law enforcement depicted a prepubescent female who also had appeared in the child pornography images found on the defendant's laptop. The defendant admitted taking numerous photographs of MV1 with a digital camera at different times during the past several years. The defendant further acknowledged that in some of these photographs MV1 had either been unclothed or revealed her buttocks. The defendant stated he believed he had deleted those photographs; however, he added that he may have saved some of the photographs, but said they were not for sexual gratification.

Items recovered from the defendant at the time of his interview included a Sony Cyber-shot digital camera. On December 4, 2016, Magistrate Judge Long authorized the search of that camera. An examination of the camera recovered from the defendant's person revealed a series of photographs that appeared to be still shots of videos of naked prepubescent children, including MV1. Several of these images involved the children exposing their genitals. Further, some of these images included a wrinkled man's hand touching a naked child on the genitals. Law enforcement believes the hand

depicted is the hand of the defendant.

Also on December 3, 2016, federal and state law enforcement agents executed the federal residential search warrant for XXX Crescent Lane, Cabery, Illinois, 60919. During the execution of the search warrant, law enforcement agents observed in the office of the residence an actively running laptop. The background screen of this laptop was an image depicting what appeared to be a 13- to 15-year-old girl undressing. When asked about this image during his December 3, 2016, interview, the defendant acknowledged that he had downloaded the image off the Internet, but claimed it depicted an adult. The door to this office room had a deadbolt installed requiring keyed access from the hallway, though it was open at the time the residential search warrant was executed. Additionally, law enforcement agents discovered a couch in this office that is believed to be the same couch observed in certain child pornography images found on the defendant's ASUS laptop.

A later examination of the defendant's electronic devices pursuant to a search warrant revealed downloaded child pornography images from foreign websites.

## PROCEDURAL BACKGROUND

In early December 2016, the defendant Teotim Cizmar was arrested and charged in a complaint with Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e) and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(b) and (b)(2). (R.1) On December 5, 2016, an initial appearance was held. (d/e 12/5/2016) The

4

United States moved for detention, and the defendant requested a continuation of the detention hearing. (d/e 12/5/2016) Magistrate Judge Long scheduled the detention hearing for December 8, 2017, and entered a temporary order of detention pending that hearing. (d/e 12/5/2016;R.7)

On December 6, 2016, a federal Grand Jury returned a two-count indictment charging the defendant with Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e) and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(b) and (b)(2). (R.8)

On December 8, 2016, Magistrate Judge Long conducted a detention hearing, after which he ordered the defendant detained. (d/e 12/8/2016;R.13) Specifically, Magistrate Judge Long found by "clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (R.13) Magistrate Judge Long further found by a "preponderance of the evidence that no condition of combination of conditions will reasonably assure the defendant's appearance as required." (R.13) Magistrate Judge Long recognized that under Title 18, United States Code, Section 3142(e)(3) there was a rebuttable presumption that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community because there was probable cause to believe that the defendant committed an offense involving a minor victim in violation of 18 U.S.C. § 2251. (R.13) While

Magistrate Judge Long found the defendant had presented evidence sufficient to rebut the presumption, after considering the presumption and other factors, he found detention was warranted. (R.13) Magistrate Judge Long noted in the order that his reasons for detention included the strong weight of the evidence against the defendant, the fact that the alleged offense "included the inducement of a minor to engage in the creation of child pornography," and, if proven, included "hands on molestation of the child victim." (R.13) Magistrate Judge Long further noted that "the defendant has a long history of overseas travel with continuing connections outside the United States" and stated that all of these factors weighed heavily in favor of detention. (R.13)

Magistrate Judge Long discussed the following factors underlying his decision during the December 8, 2016, detention hearing, noting the United States had met its burden with regard to risk of harm and to risk of flight.[1] (Audio Recording of 12/8/2016 Hearing at 21:23-54)

**_Nature and Circumstances of the Offense:_** During the hearing, Magistrate Judge Long stated that the nature and circumstances of the alleged offense were "terrible" and noted the apparent photographing of children known to the defendant. (21:55-22:04) Magistrate Judge Long further stated that if were proven that the defendant had perpetrated the hands-on abuse in the photographs that behavior was "egregious" and

---

[1] The United States has relied upon the audio recording of the 12/8/2016 detention hearing due to the time constraints involved in obtaining a transcript.

6

"intolerable." (22:05-11) He noted that the nature and circumstances of the alleged offense weighed very heavily against the defendant's release. (22:12-16)

*Weight of the Evidence:* Magistrate Judge Long stated that the weight of the evidence against the defendant was strong, noting the child pornography images discovered by law enforcement, the photographs of hands-on abuse (from the camera taken from the defendant's person), and the defendant's own admissions that he had taken photographs of a naked child, regardless of the motive proffered by the defendant. (22:17-55)

*History and Characteristics of the Defendant:* Magistrate Judge Long acknowledged that the defendant's history and characteristics seemed to weigh in favor of release, noting his family ties and stating that release would likely be beneficial to the defendant's physical and mental health. (22:56-23:10) He stated that the defendant was retired, so employment was not an issue, and recognized that the defendant had been in the community for some time and therefore had community ties. (23:11-18)

In sum, however, Magistrate Judge Long stated that while the defendant's history and characteristics generally weighed in his favor, they were not enough to overcome the weight of the other factors, coupled with the presumption of detention. (23:31-46) He found that the nature and circumstances of the alleged offense, along with the danger to the community, required detention. (23:47-57) He also noted the defendant posed a risk of flight, citing the lengthy mandatory minimum sentence (15

years) the defendant faced and his long history of overseas travel, living abroad and connections outside the United States. (23:58-24:13)

Pursuant to Magistrate Judge Long's December 8, 2016, Order, the defendant is currently in the custody of the United States Marshals.

On February 13, 2017, the defendant filed the instant motion requesting the district court revoke Magistrate Judge Long's December 8, 2016, detention order pursuant to the Bail Reform Act of 1984, 18 U.S.C. §3145(b). (R.16)

## ARGUMENT

The Court should deny the defendant's Motion to Revoke Detention Order and for Release on Conditions. Ample evidence in the record supports Magistrate Judge Long's finding that there are no conditions that will reasonably assure the safety of any other person and the community or reasonably assure the defendant's appearance as required. Magistrate Judge Long correctly detained the defendant.

### I.   Legal Standard

### A.  The District Court's Standard of Review

The Bail Reform Act of 1984 (the "Act"), 18 U.S.C. §3145(b), permits a defendant ordered detained by a magistrate judge to file a motion for revocation of the detention order with the court that has original jurisdiction over the offense. 18 U.S.C. §3145(b). The district court reviews the record and considers the issue of detention *de novo*. *See United States v. Schuetz*, No. 12-MJ-3046, 2012 WL 3185905, at *2 (C.D. Ill. Aug. 2, 2012);

*United States v. Portes*, 786 F.2d 758, 760 (7th Cir. 1985).

### B.  The Legal Standard for Pre-Trial Detention Under the Bail Reform Act

Under the Act, 18 U.S.C. §3142(f), the government may move for a detention hearing in any case that involves "a crime of violence." 18 U.S.C. § 3142(f)(1)(A). A crime of violence is "any felony under chapter 77, 109A, 110, or 117." 18 U.S.C. §3156(a)(4)(C). Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e) and Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2) both fall under chapter 110, and therefore constitute crimes of violence under 18 U.S.C. §3142(f)(1)(A).

Section 18 U.S.C. §3142(e) mandates that a defendant shall be detained pending trial if, after a hearing pursuant to subsection (f), "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(e)(1). To determine whether such condition or combination of conditions exists, courts are supposed to consider available information regarding (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. §3142(g). Factors included in the history and characteristics of the defendant include the defendant's character, physical and mental

9

condition, family ties, employment, financial resources, length of residence in the
community, community ties, past conduct, history relating to drug or alcohol abuse,
criminal history and record concerning appearance at court proceedings. 18 U.S.C.
§3142(g)(3)(A). To justify pre-trial detention, the government must show by clear and
convincing evidence that no condition or combination of conditions will reasonably
assure the safety of the community or by a preponderance of the evidence that no such
conditions will reasonably assure the defendant's appearance. *Portes*, 786 F.2d at 764-65.

However, the Act further provides a rebuttable statutory presumption that "no
condition or combination of conditions will reasonably assure the appearance of the
person as required and the safety of the community" if the judicial officer finds there is
probable cause to believe the person committed an offense involving a minor victim
under 2251 or §2252A(a)(2). 18 U.S.C. §3142(e)(3)(E). The crime of Sexual Exploitation of
a Child is located at 18 U.S.C. § 2251(a) and (e) and the crime of Possession of Child
Pornography is located at 18 U.S.C. §§ 2252A(a)(5(b) and (b)(2); therefore the rebuttable
presumption applies. This presumption may be rebutted by the defendant when he
meets a "'burden of production' by coming forward with some evidence that he will not
flee or endanger the community if released." *Portes*, 786 F.2d at 764 (internal citation
omitted). But the rebutted presumption is not erased if the defendant meets the burden
of production. *Id*. Instead, it remains in the case "as an evidentiary finding militating
against release, to be weighted along with other evidence relevant to factors listed in §

10

3142(g)." *Id.*

## II.   No Release Conditions Will Reasonably Assure the Appearance of the Defendant and the Safety of the Community.

The record demonstrates by clear and convincing evidence that no release condition or combination of conditions will reasonably assure the safety of the community and the appearance of the defendant. Contrary to the defendant's argument, Magistrate Judge Long's reasoned analysis and weighing of the Section 3142(g) factors has reached the correct result. The defendant should be detained.

First, the nature and circumstances of the offense charged weigh heavily against the defendant's release. 18 U.S.C. §3142(g)(1). As Magistrate Judge Long noted during the December 8, 2016, detention hearing, the defendant is alleged to have engaged in egregious and intolerable conduct against vulnerable minor victims, including hands-on abuse and production and possession of child pornography. (Audio Recording of 12/8/2016 Hearing at 22:05-11) The defendant therefore represents a risk to the safety of the community on several levels, both as an alleged hands-on abuser of minors and as someone whose child pornography collection perpetuates the child pornography market, which is fueled by the abuse of minor victims.

Second, the weight of the evidence against the defendant is strong, a factor the courts have found highly relevant to risk of flight. 18 U.S.C. §3142(g)(2). *See United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985) (finding that where evidence of the defendant's guilt is strong, he has an incentive to flee, given his dim prospects for

acquittal). Notably, the Grand Jury returned an indictment against the defendant on December 6, 2016. (R.18) Further, as Magistrate Judge Long noted, child pornography images of children with whom the defendant was acquainted were found on the defendant's laptop. The defendant has admitted taking nude photographs of at least one of the children depicted in these photographs over a several-year period. Additional images of hands-on abuse were found on a digital camera taken from the defendant's person. (22:17-55) And further forensic review has revealed child pornography images that appear to have been downloaded from the Internet on a device belonging to the defendant.

Third, although defendant has family and community ties, Magistrate Judge Long also correctly noted that these ties do not overcome the risk of flight. The defendant faces a lengthy mandatory minimum sentence (15 years) and has a long history of overseas travel, living abroad and connections outside the United States. (23:58-24:13) Both the length of his sentence and ties abroad suggest an increased risk of flight. *See, e.g., United States v. Hernandez-Vega*, No. 11-CR-30046-MJR, 2011 WL 4597499, at *2 (S.D. Ill. Oct. 3, 2011) (affirming detention order and finding that defendant posed a risk of flight because he faced a lengthy sentence of a minimum of five years and maximum of ten years); *United States v. Cabrera-Lopez*, No. 92 CR 677, 1993 WL 8203, at *2 (N.D. Ill. Jan. 13, 1993) (denying defendant's release on pretrial conditions and noting that his risk of flight is great because of the potentially lengthy sentence he faces).

Fourth, the nature and seriousness of the danger to any person or the community posed by the defendant's release is great. As noted previously, the defendant is charged with sexual crimes against minors. The child pornography production and hands-on abuse the defendant is alleged to have perpetrated appears to have taken place over an extended time period. The defendant also appears to have downloaded child pornography from the Internet. The defendant's release therefore poses a danger to children not only in the community where he might be released but also to children who are victims of the child pornography market in which he participates.

Finally, the presumption in section 3142(e)(3) that no conditions will reasonably assure appearance of the person and the safety of the community remains a factor. As noted previously, there is probable cause to believe that the defendant engaged in Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e) and Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5(b) and (b)(2). While Magistrate Judge Long found during the December 8, 2016, detention hearing that the defendant had met this rebuttable presumption, it still mitigates against release. *Portes*, 786 F.2d at 764.

In sum, given the nature and circumstances of the crime; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the serious danger of nonappearance and repeat conduct, there is no release condition or combination of conditions that will reasonably assure the appearance of the defendant

13

and the safety of the community. Magistrate Judge Long correctly ordered the defendant's detention, and this Court should affirm that Order.

**CONCLUSION**

Based on the foregoing reasons, the United States of America respectfully requests that this Court deny the defendant's Motion to Revoke Detention Order and for Release on Conditions.

Respectfully submitted,

PATRICK D. HANSEN
ACTING UNITED STATES ATTORNEY

s/Katherine V. Boyle
Katherine V. Boyle, IL Bar No. 6308630
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
katherine.boyle@usdoj.gov

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Elisabeth R. Pollock
Assistant Federal Public Defender
Federal Public Defender's Office
300 West Main Street
Urbana, IL   61801
Telephone: (217) 373-0666
Fax: (217) 373-0667
Elisabeth_Pollock@fd.org

s/Katherine V. Boyle
Katherine V. Boyle, IL Bar No. 6308630
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
katherine.boyle@usdoj.gov