UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-CR-20080 |
| TEOTIM CIZMAR, | ) ) ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTION 35**

The United States of America, by its attorneys, Patrick D. Hansen, Acting United States Attorney for the Central District of Illinois, and Elly M. Peirson, Assistant United States Attorney, hereby responds the defendant's objection to the Government's Proposed Instruction No. 35, which outlines factors the jury may consider in determining whether the visual depiction is a lascivious exhibition of the minor's genitals or pubic area. *United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal. 1986). In opposition to the defendant's motion, the government responds as follows:

With a handful of exceptions, the majority of sexually explicit images that will be presented to the jury in this case do not depict a sexual act, but are instead, in the government's opinion, a lascivious exhibition of the minor's genitals. The United States anticipates that the defendant will argue that the images are mere nudity or "nudism" images not a lascivious exhibition because he did not produce and possess them for his own sexual gratification. This Court should, of course, reserve ruling until the close of the evidence; however, the United States believes that the jury will have to determine if

the images in evidence are indeed a lascivious exhibition of a minor's genitals. Therefore, an instruction that is an accurate statement of the law and will be helpful to the jury should be given. *United States v. Peterson*, 823 F.3d 1113, 1123 (7th Cir. 2016) (jury instructions that are adequately supported by the record and are fair and accurate summaries of the law will not be disturbed on appeal).

The term "lascivious," is "undefined in the statute, and [the Seventh Circuit has] offered limited instruction on its definition." *United States v. Miller*, 829 F.3d 519, 524 (7th Cir. 2016). Citing the dictionary definition of lascivious, which means, "tending to arouse sexual desire," Webster's Third New Int'l Dictionary, the Court has repeatedly held that "more than nudity is required to make an image lascivious." *Id. (citing United States v. Griesbach*, 540 F.3d 654, 656 (7th Cir. 2008); *United States v. Russell*, 662 F.3d 831, 843 (7th Cir. 2011)). Additionally, "the focus of the image must be on the genitals or the image must be otherwise sexually suggestive." *Id. (citing Griesbach*, 540 F.3d at 656).

The government agrees that the Seventh Circuit has neither approved nor disapproved the use of the *Dost* factors. *United States v. Price*, 775 F.3d 828, 839-40 (7th Cir. 2014)) (No determination as to whether the *Dost* factors are always or never permissible); See also *United States v. Russell*, 662 F.3d 831, 843 (7th Cir. 2009). However, the Seventh Circuit has held that it is not plain error to instruct the jury using the *Dost* factors. *Russell,* 662 F.3d at 843 (citing *United States v. Noel*, 581 F.3d 490, 499-500 (7th Cir. 2009); See also *Price*, 775 F.3d 828 at 839.

2

In upholding the trial court's inclusion of the *Dost* factors in *Price*, the Seventh Circuit rejected the defendant's argument that jury instructions were misleading when they incorporated the *Dost* factors and that they "improperly limit the jury's consideration of the entire context of the images." 775 F.3d at 839. The court of appeals held that the trial court's instruction, consistent with Government's Proposed Instruction No. 35, accurately directed jurors that they "*must* consider the context and setting in which the genitalia or pubic area is being displayed." *Id*.

*Price* argued two of the *Dost* factors were particularly problematic, he prevailed on neither. *Id*. First, he argued that instructing the jury that it may consider "whether the minor is fully or partially clothed, or nude" was misleading since nudity alone "does not make a display lascivious." *Id*. The court found that the trial court had properly addressed that very point by "specifically instructing the jury that not every exposure is a lascivious exhibition, and that 'context' and 'setting' must be considered." *Id*.

Second, *Price* objected to instructing the jury that it may consider "whether the depiction appears to have been designed to elicit a sexual response in the viewer" and claimed that this factor invited improper "thought policing." *Id*. Dismissing his claim, the Seventh Circuit pointed out that it held in *Russell* that "the intent and motive of the photographer can be a relevant consideration in evaluating whether an image depicts a lascivious display within the meaning of § 2256(2)(A)(v)." *Russell*, 662 F.3d at 843.

The Seventh Circuit recognized that in some circumstances, "evidence of motive and intent will help to place an image in context, especially where… there is evidence that the photographer posed the minor in such [a] way that her genitals are visible but has disclaimed any intent to create a sexually suggestive image." *Price*, 775 F.3d at 839 (citing *Russell*, 662 F.3d at 844). In *Russell,* the Court compared the sixth *Dost* factor to its holding in *United States v. Burt*, 495 F.3d 733 (7th Cir. 2007)(holding that prior acts of molestation were admissible to show that the defendant was not simply a legitimate photographer who happened to have taken non-sexual photographs of children, but rather had deliberately created sexually suggestive photographs meant to elicit a sexual response in the viewer). The court found *Burt* illustrative of:

> one way in which the photographer's motive or reason for creating an image can be a relevant factor for the factfinder to consider in deciding whether that image reflects mere nudity or a lascivious display of the genitals. In a like vein, the sixth *Dost* factor asks whether the charged image was "intended or designed" to elicit a sexual response in the viewer, and although certain aspects of the image itself will often speak to that question (for example, the setting, and the pose assumed by the minor and any other persons depicted), the photographer's state of mind may also inform this assessment.

*Russell*, 662 F.3d at 844.

In *Russell,* as is the case here, the *Dost* factors were helpful to the jury because the defense "undeniably sought to suggest that Russell had no motive or intent to create sexually provocative photographs of his daughters." *Id*. at 846. Additionally, although neither party questioned the propriety of the *Dost* factors, the court was satisfied that the jury was given "adequate and accurate guidance" in assessing whether the charged

photographs reflected a lascivious exhibition of the genitals. *Id.* at 843 (noting that the district court properly admonished the jury that 1) it was not confined to the factors in its evaluation of the charged photographs, 2) that the government was not required to prove that each of these factors were present, and 3) that it was for the jury to decide the importance of any one factor).

Other circuits have consistently either adopted or upheld the use of the *Dost* factors in determining whether a visual depiction of a minor constitutes a lascivious exhibition of the genitals or pubic area. For example, while emphasizing that the factors are neither comprehensive nor applicable in every case, the First Circuit concluded years ago that "the *Dost* factors are relevant and provide some guidance in evaluating whether the display in question is lascivious." *United States v. Amirault*, 173 F.3d 28, 32 (1st Cir. 1999). Eight other circuits have reached a similar conclusion. *See United States v. Rivera*, 546 F.3d 245, 250 (2d Cir. 2008) (approving use of *Dost* factors in jury instruction as an accurate statement of the law); *United States v. Larkin*, 629 F.3d 177, 182 (3rd Cir. 2010)(although not dispositive and "serve only as a guide", the *Dost* factors are "the hallmarks of lascivious conduct"); *United States v. Villard*, 885 F.2d 117, 122 (3d Cir. 1989) (approving use of *Dost* factors); *United States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016)(applying *Dost* factors to determine lasciviousness); *United States v. Carroll*, 190 F.3d 290, 297 (5th Cir. 1999) (same); *United States v. Daniels*, 653 F.3d 399, 407 (6th Cir. 2011), *cert. denied*, 132 S.Ct. 1069 (2012) (same); *United States v. Lohse*, 797 F.3d 515 (8th Cir. 2015)(same); *United States v. Johnson*, 639 F.3d 433, 439 (8th Cir. 2011) (same); *United*

*States v. Perkins*, 850 F.3d 1109, 1121 (9th Cir. 2017) (the *Dost* factors are the typical "starting point" for determining lasciviousness); *United States v. Overton*, 573 F.3d 679, 686 (9th Cir. 2009) (same); *United States v. Wolf*, 890 F.2d 241, 245 (10th Cir. 1989) (stating, "*Dost* factors provide specific, sensible meaning to the term 'lascivious,' a term which is less than crystal clear"); *United States v. Grzybowics*, 747 F.3d 1296, 1306 & n.8 (11th Cir. 2014) (acknowledging that *Dost* factors are the model for the 11th circuit's pattern jury instructions).

Government's Proposed Instruction No. 35 is neither a mechanical checklist nor will it take the jury "far afield" in their inquiry because the issues central to their determination hinge on the suggested factors in the instruction. *Price*, 775 F.3d at 840. Each of the *Dost* factors will be contemplated throughout the trial, for example, the focal point of the image will be disputed, the setting or location of the images will be addressed, whether the children are depicted in unnatural poses will be challenged, the expression on the children's face and whether that expression shows sexual coyness will be disputed, and predominantly whether the images were intended or designed to elicit a sexual response in the viewer. Additionally, the *Dost* factors do not overshadow the jury's common sense, the jury is told at the outset that they "must consider the overall content of the visual depiction, while taking into account the age of the child depicted." Government's Proposed Instruction No. 35. The instruction further clarifies that they "may, but are not required to, consider" the *Dost* factors. Lastly, the jury retains the autonomy to decide "the weight or lack of weight to be given to any of [the]

factors." *Id.* Therefore, the proposed instruction properly assists the jury to determine the most salient issues in this case and will aid in defining a term that is less than "crystal clear".

For the reasons stated above, the United States respectfully requests that Government's Proposed Instruction No. 35 be given.

Respectfully submitted,

PATRICK D. HANSEN
ACTING UNITED STATES ATTORNEY

*s/Elly M. Peirson*
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 South Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
Fax: (217) 373-5891
elly.peirson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on June 22, 2017, which will provide notice of this filing to counsel of record.

*s/Elly M. Peirson*
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 South Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
Fax: (217) 373-5891
elly.peirson@usdoj.gov