IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cr-20080 |
| v. ) | |
| ) | |
| TEOTIM CIZMAR, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM**

The United States of America seeks to clarify its position regarding Defendant Teotim Cizmar's objections to the revised presentence report, dated April 9, 2018. (R. 56).

**Defendant's objection to paragraphs 63 and 64.**

The calculations in the revised presentence report are correct as to these paragraphs. As a general rule, the same conduct may determine the base offense level and also trigger cumulative sentencing enhancements, unless the text of the applicable guideline explicitly states otherwise. *United States v. Vizcarra*, 668 F.3d 516, 525 (7th Cir. 2012). Therefore, "[a]s long as the district court applies the guidelines as written, there is no double-counting error." *Id.* at 526–27. Because the defendant's conduct encompasses both the use of a very young child, under 12, and his sexual assault of that child, two separate sentencing enhancements are warranted. *United States v. Schmeilski*, 408 F.3d 917 (7th Cir. 2005) ("[w]hen two enhancements address distinct aspects of defendant's conduct, the application of both does not constitute double counting.") Defendant took

a video of a four to five year old child while he engaged in a sexual act of penetrating the child's vagina with his fingers. The sentencing guidelines advise the court to increase a defendant's offense level by four levels for exploiting not only a minor, but also one that is prepubescent. U.S.S.G. §2G2.1(b)(1)(A). In addition, the guidelines allow for an additional four-level increase, if the child is subjected to a sexual assault. U.S.S.G. §2G2.1(b)(2)(B). The presentence report correctly accounts for the scope of his conduct and correctly calculates these increases in his offense conduct because the sexual penetration of a young child should distinguish this offender from another where the child was not subjected to a sexual assault or the offense involved an older minor. Therefore, the defendant's conduct here encompasses both sentencing enhancements, for conduct that involves the sexual penetration of a very young child.

**Defendant's objections to paragraphs 71 and 72.**

Defendant noted that he makes the same objection to these two paragraphs, as impermissible double counting, as well. However, these paragraphs increase his guideline level twice, both for the age of the same minor, and may not be correctly calculated. The guideline provision at issue, U.S.S.G. §2G2.2(b)(4)(B), is fairly new, enacted in November 1, 2016, for which there is scant case law. This provision increases the defendant's offense level an additional four levels, if the offense involves an infant or toddler, in addition to the two-level increase for possessing images of a prepubescent minor. Arguably, the court can impose both the two-level enhancement and the four-level enhancement for different images. However, without any appellate court guidance, and in an abundance of caution, the United States recommends imposing one but not

2

both of these enhancements. Doing so would have no impact on the defendant's guidelines range, since the guidelines for Count Five, Possession of Child Pornography, is subsumed in the guidelines for the Counts One through Four, involving more serious offenses. Therefore, the United States suggestions that the Court either grant the defendant's objection or deny it as moot.

**Defendant's objection to paragraph 85**

The government's position as to this objection is clearly and accurately outlined in the presentence report.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

By: *s/ Elly M. Peirson*
Elly M. Peirson, Bar No. IL 6298075
Assistant United States Attorney
201 South Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
Fax: (217) 373-5891
elly.peirson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2018, I electronically filed the forgoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

> s/ Elly M. Peirson
> Elly M. Peirson, Bar No. IL 6298075
> Assistant United States Attorney
> 201 South Vine Street, Suite 226
> Urbana, Illinois 61802
> Telephone: (217) 373-5875
> Fax: (217) 373-5891
> elly.peirson@usdoj.gov