IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-CR-20080 |
| v. ) | |
| ) | |
| TEOTIM CIZMAR, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO
DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

The United States of America objects to Defendant Teotim Cizmar's (Cizmar) motion to withdraw his guilty plea. (R.67)(R. Cizmar's motion lacks any legal authority and is completely unsupported by the record. Having failed to meet his heavy burden justifying a withdrawal of his guilty plea, his meritless motion, should therefore, be dismissed.

I.   **Procedural Background**[1]

Cizmar pled guilty to four counts of Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a), involving three minor children, and one count of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(b) on June 23, 3017. (d/e 6/23/2017) This Court engaged in a careful plea colloquy that established Defendant's competence, knowledge, and voluntariness in

---

[1] Our citations to the record use the following abbreviations: "d/e" means "docket entry"; "R." followed by a number refers to the document bearing that number on the district court's docket sheet in this case, *e.g.*, "R.__"; references to the transcript of the plea colloquy are to "Tr.___", (R.62).

entering his plea. (Tr. 3-42)

On July 25, 2018, Cizmar filed the instant motion lacking any facts, law, or analysis in support. (R.67) The Seventh Circuit has repeatedly held that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even when those arguments raise constitutional issues)." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (citations omitted). Cizmar's argument in support of his motion to withdraw his plea is based on two grounds. The first is that his plea was neither knowing or voluntary because he: a) was inexperienced with the criminal legal system, b) did not have sufficient time to discuss his plea with his attorney, and c) did not fully understand the rights he was giving up. (R.67 at 1-2) In its entirety, Cizmar's second ground is: "[g]ood cause exists for granting this motion." (*Id*.) For this Court to grant Cizmar relief, it would have to both construct Cizmar's legal argument and then rule in favor of that court-constructed argument. That, however, is not this Court's role. *See United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008) (citations omitted) (it is not a court's "obligation * * * to research and construct legal arguments available to parties").

Without waiving its waiver argument, the government addresses additional reasons below as to why Cizmar is not entitled relief even if he had properly developed his legal argument.

**II.    Legal Framework**

A guilty plea must substantially comply with the requirements of Federal Rule of Criminal Procedure 11. *United States v. Dyer*, 892 F.3d 910, 914 (7th Cir. 2018). Rule 11

requires a colloquy to ensure that the plea is voluntary and the defendant understands the nature of the charges against him. *Id*. Fed. R. Crim. P. 11(b). "A defendant does not have an absolute right to withdraw a plea before sentencing, although the court may allow him to do so if he has a 'fair and just reason' for doing so." *United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005) (quoting Fed. R. Crim. P. 11(d)(2)(B)). The Seventh Circuit has recognized three general grounds that merit withdrawal of a guilty plea, "where the defendant shows actual innocence or legal innocence, and where the guilty plea was not knowing and voluntary." *United States v. Graf*, 827 F.3d 581, 583 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1329 (2017) (citing *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010)). The defendant bears the burden of proving a fair and just reason exists to permit withdrawal of the plea. *United States v. Milquette*, 214 F.3d 859, 861 (7th Cir. 2000).

Cizmar does not claim actual or legal innocence, but states that his plea was neither knowing nor voluntary. He cites no legal authority and gives sparse facts to support his claim. In short, Cizmar has not and cannot meet his burden. Therefore, his motion should be denied.

### III.   Argument

The decision to allow a withdrawal of a guilty plea is within the sound discretion of the district court. *United States v. Reed*, 859 F.3d 468, 471 (7th Cir. 2017). However, after a thorough Rule 11 colloquy, "the defendant faces an uphill battle". *United States v. Bennett*, 332 F.3d 1094, 1099 (7th Cir. 2003). "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary[.]" *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). The record reflects that this Court systematically and

3

methodically advised Cizmar of his rights and addressed each of the subsections under Rule 11(b).

First, the Court placed Cizmar under oath. Fed. R. Crim. P. 11(b)(1); (Tr. 3) Next, the Court advised Cizmar that any statements he made could later be used against him in future prosecutions. Fed. R. Crim. P. 11(b)(1)(A); (Tr.4) The Court advised him of his trial rights, including the right to plead not guilty, to a trial by jury, to confront witnesses, to be protected from self-incrimination, to testify and present evidence, and compel the attendance of witnesses. Fed. R. Crim. P. 11(b)(1)(B-E); (Tr.10-12) Cizmar confirmed that he understood he would waive those rights, if the Court accepted his guilty plea. Fed. R. Crim. P. 11(b)(1)(F); (Tr.12-13). Cizmar further confirmed that he understood the nature of the charges against him. Fed. R. Crim. P. 11(b)(1)(G); (Tr.13-17) The government advised Cizmar of the maximum possible penalty, including the mandatory minimum term of imprisonment, fines, restitution, forfeiture, special assessments, and length of supervised release. Fed. R. Crim. P. 11(b)(1)(H-L); (Tr.17-20) The Court advised Cizmar of its obligation to calculate the applicable sentencing guideline range, and the sentencing factors under 18 U.S.C. § 3553(a). Fed. R. Crim. P. 11(b)(1)(M); (Tr.22-25) The Court addressed Cizmar personally to determine that the plea was voluntary. Fed. R. Crim. P. 11(b)(2); (Tr.41-42) And the government recited a lengthy factual basis to support the plea. Fed. R. Crim. P. 11(b)(3); (Tr.25-39) The Court scrupulously followed the Rule 11(b) script and carefully addressed each of the areas required, ensuring Cizmar's knowing and voluntary plea.

Cizmar's arguments supporting his motion contradict his sworn testimony at the

plea colloquy. Therefore, "[b]ecause the defendant's statements at the plea colloquy are presumed to be true, the defendant bears a heavy burden of persuasion in showing that such a fair and just reason exists" if the defendant's arguments for withdrawal contradict his or her testimony at the plea colloquy. *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008). *See also Graf*, 827 F.3d at 584 ("A defendant's motion to withdraw is unlikely to have merit if it seeks to dispute his sworn assurances to the court.")

Cizmar argues that he did not have sufficient time to discuss his case with his attorney. (R.67 at 2) That is simply not true. Cizmar was first charged by criminal complaint and later by indictment, both in December 2016. (R.1; 8). His attorney, Ms. Elisabeth Pollock represented him from the inception of his case. While the Grand Jury charged him with additional counts in the May 2017 superseding indictment, these counts were substantively similar to his original charges and merely a result of additional forensic analysis and investigation. In addition to the six months of time that elapsed between his charges and the plea, the Court encouraged Cizmar multiple times to discuss his plea with his attorney during the hearing itself. (Tr.3-4; 20; 22; 41) Most significantly, when asked if he had sufficient time to discuss the matter with his attorney, Cizmar stated, "Yes, I do – I did." (Tr.9) The record, therefore, shows Cizmar had ample time to consider his plea.

Similarly, Cizmar's argument that he did not understand the rights he would be giving up contradicts his sworn statements on the record. (R.67 at 2) When specifically asked, on two separate instances, if he understood the rights he would be giving up as a result of his plea, he confirmed that he did. (Tr.10-13; 21-22) Cizmar was not being

5

treated for any mental illness or substance abuse issues that would hamper his ability to understand the nature of the plea. (Tr.6-8) The Court, defense counsel, and the government cast no doubt on his competence during the hearing. (Tr.8-9) The record, therefore, proves Cizmar understood the rights he waived as a result of his guilty plea.

Cizmar finally argues that he has "never been charged with a crime and has no experience with the legal system." (R.67 at 1). This is true of most individuals charged with child pornography offenses in federal court. *See e.g.* United States Sentencing Commission, THE CRIMINAL HISTORY OF FEDERAL OFFENDERS, found at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2018/20180517_criminal-history-figures.pdf, *last visited August 3, 2018* (finding that over 51% of child pornography offenders had no prior criminal convictions). Nevertheless, Cizmar was represented by a highly experienced federal criminal litigator, who dedicates one hundred percent of her practice to federal criminal defense. (Tr.42-43) Further, Cizmar touted his education as a college graduate and beyond. (Tr.5-6) Consequently, this argument, too, is unpersuasive.

Cizmar's arguments contradict the record, which he notably ignores in his motion. His "conclusory" and self-serving statements are nothing more than his feeble attempts to minimize his culpability. *See e.g. United States v. Stoller,* 827 F.3d 591, 595 (7th Cir. 2016), *cert. denied,* 137 S. Ct. 1093 (2017) (upholding the district court's denial of defendant's motion to withdraw the guilty plea when defendant's statements at the sentencing stage contradicted his sworn plea colloquy testimony). There are circumstances when the parties and the Court are mistaken as to the necessary elements of the charge or the

criminal history calculations of the defendant, necessitating a withdrawal of the plea. *See e.g. United States v. Bradley*, 381 F.3d 641, 646–47 (7th Cir. 2004) (plea was not knowing and voluntary where the plea colloquy showed that both parties were mistaken as to the necessary elements of a § 924(c) offense.)  No such circumstance exists here.  Cizmar was adequately advised pursuant to a methodical Rule 11 colloquy evincing a knowing and voluntary plea.  His sworn testimony at the plea hearing contradicts his arguments in the instant motion which "lacks any proof that he did not understand his guilty plea or that he was pressured into a guilty plea" in any capacity. *United States v. Jones*, 381 F.3d 615, 618-19 (7th Cir. 2004).

THEREFORE, this Court should dismiss his perfunctory and groundless motion in its entirety.

                                            Respectfully submitted,

                                            JOHN E. CHILDRESS
                                            UNITED STATES ATTORNEY

By:   *s/ Elly M. Peirson*
       Elly M. Peirson, Bar No. IL 6298075
       Assistant United States Attorney
       201 South Vine Street, Suite 226
       Urbana, Illinois 61802
       Telephone: (217) 373-5875
       Fax:  (217) 373-5891
       elly.peirson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, I electronically filed the forgoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

*s/ Elly M. Peirson*
Elly M. Peirson, Bar No. IL 6298075
Assistant United States Attorney
201 South Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
Fax:  (217) 373-5891
elly.peirson@usdoj.gov
