IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DIVISION OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 16-CR-20080 |
| | ) |
| TEOTIM CIZMAR, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SENTENCING COMMENTARY**

**INTRODUCTION**

The Defendant, TEOTIM CIZMAR, stands for open sentencing having pled guilty to four counts of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(5)(b) on June 23, 2017. He was arrested on December 3, 2016, and has been in custody up to and including the date of sentencing. He has previously submitted mitigation materials and by this memorandum requests that this Honorable Court impose a sentence that is "sufficient but not greater than necessary" to meet the strictures of 18 U.S.C. § 3553(a) sentencing.

**OBJECTIONS TO PRE-SENTENCE REPORT**

As to paragraphs 63 and 64, found on page 13 of the report, the Defendant objects for the following reasons:  In Count 4, the Defendant pled guilty to the offense of Sexual Exploitation of a Child.  Paragraph 63 adds four points for the age of the child.  Paragraph 64 adds four points for the Defendant committing a sexual act.  It is clear that the Defendant committed a sexual act with a minor child given the offense to which he plead guilty.  If the Defendant did not commit the

1

offense with a minor child, he would not have pled guilty to that offense. The offense states in it's own name that it involves a child. To then add four additional points as found in paragraph 63, because the offense involves a child under the age of twelve amounts to double counting. The inclusion of both paragraphs 63 and 64 into the calculations are inconsistent with the facts and circumstances of this case. The Defendant would note for the Court that he raised a similar objection to paragraphs 71 and 72. Paragraph 71 imposes an enhancement because the offense involves a prepubescent minor or a minor who had not attained the age of 12. Paragraph 72 imposes an enhancement because the offense involves a toddler. In common English, a toddler is a prepubescent minor or a minor who had not attained the age of 12. This amounts to double counting. In this instance, the Government has conceded this argument and has withdrawn it's objection.

As to paragraph 85, found on page 14 of the report, the Defendant objects for the following reasons: The Government and the probation office seek to deny the Defendant a three point reduction in his sentence for his acceptance of responsibility. First, the Defendant concedes that the one level reduction pursuant to Section 3E1.1(b) can only be granted upon motion of the Government. Since the Government has not made such a motion, the Defendant concedes that he is not entitled to that one level reduction. The Defendant believes that he should be entitled to the two level reduction under Section 3E1.1(a) because he has accepted responsibility for his actions. The Defendant would note that in the initial pre-sentence report, filed on October 24, 2017, neither the Government nor the probation office denied the Defendant this reduction. The Defendant understands that he is not entitled to this reduction as a matter or right but only if by a preponderance of the evidence he is able to clearly demonstrate his entitlement to the reduction.

In it's response to the reduction, the Government argues that during both his plea colloquy and statements to agents the Defendant engages in victim blaming and therefore has not accepted responsibility. There is not a federal court judge who would accept a guilty plea if a defendant engaged in such actions during a plea. A review of the transcripts shows that the Government presented a lengthy and detailed factual basis for the plea to which the Defendant admitted. We would not be were we are today if the Defendant had not pled guilty. Even if the Defendant made such statements to investigators, his subsequent guilty plea shows his acceptance of responsibility. Despite any initial denials, his guilty plea clearly demonstrates his acceptance of responsibility. In requesting denial of the reduction, the Government also argues that the Defendants' plea was not timely. Pursuant to the standards as set forth in Untied States v. Cerrera, 256 F.3rd 818 (7th Cir. 2001)(citing United States v. Sierra, 188 F.3rd 798 (7th Cir. 2001)), timeliness is a factor to be considered to qualify for the reduction. As can be seen by his criminal history, the Defendant has no prior court involvement and no experience with the criminal justice system. The mere fact that he took longer than what might be considered normal should not be held against him given all the facts and circumstances of this case. In it's agreement with the Government's position, the probation office notes statements made by the Defendant during a forensic mental health evaluation. The Defendant would note for the Court that this evaluation was conducted after the plea of guilty.

**THE CHILD PORNOGRAPHY GUIDELINES ARE UNCONSTITUTIONAL**

There continues to be much debate in federal district courts concerning the propriety of the child pornography guideline and whether or not its application results in reasonable sentences. It is undisputed that this guideline results in more sentencing disparities than any other guideline

across the country and has resulted in criticism from district judges, the United States Attorney, and the United States Sentencing Commission itself. In 2005, 68% of all pornography-related sentences were within the Guidelines range with only 19.5% of all sentences being downward departures. By 2009, 46.8% of all pornography-related sentences were within the Guidelines range and 38.4% of sentences were downward departures. (*See* Sourcebook of Criminal Justice Statistics, Section 5 - "Judicial Processing of Defendants" located at http://www.albany.edu/sourcebook/tost_5.html#5_ab). In 2016, 29.2% of child pornography sentences were within the guidelines, while 68.3% were downward departures. (*See* UNITED STATES SENTENCING COMM'N, Quarterly Data Report "3rd Quarter Release Preliminary Fiscal Year 2016 Data Through June 30, 2016" at 15, located at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/quarterly-sentencing-updates/USSC_Quarter_Report_3rd_16_Final.pdf.pdf).

The United States Supreme Court has already held that where the Sentencing Commission's exercise of its characteristic institutional role is not fulfilled, i.e. where the guidelines do not take account of "empirical data and national experience", there is no problem with a district court sentencing a defendant outside of his guidelines range. *Kimbrough v. United States*, 552 U.S. 85, 109 (2007). Based on the following, the child pornography guideline should be acknowledged by this Court as not based on empirical evidence and resulting in sentences which are far greater than necessary to effectuate the purposes of 18 U.S.C. § 3553(a).

The Seventh Circuit Court of Appeals recognized the problems with U.S.S.G. § 2G2.2 when it stated that it was extremely difficult to take issue with the premise that the child pornography guidelines lack an empirical basis. *United States v. Huffstatler*, 571 F.3d 620, 623

(7th Cir. 2009). Specifically, the Court quoted the Sentencing Commission in criticizing the increases in the guidelines: "much like policymaking in the area of drug trafficking, Congress has used a mix of mandatory minimum penalty increases and directives to the Commission to change sentencing policy for sex offenses." *Id.*, quoting U.S. SENTENCING COMM'N, *Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform* at 72-73 (Nov. 2004), available at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/miscellaneous/15-year-study/15_year_study_full.pdf. Furthermore, the Seventh Circuit Court of Appeals has stated that a court may "impose a sentence outside of the guidelines range because of a policy disagreement with the guidelines." *United States v. Dallum*, 444 F. App'x 80, 80 (7th Cir. 2009). The 7th Circuit explicitly approved of variances in the setting of cases involving the application of the child pornography guidelines in *United States v. Oberg* 877 F.3d 261, 263-264 (7th Cir. 2017). (District courts have the choice of sentencing within or without the child pornography guidelines).

In addition to the Seventh Circuit, many other courts have found that § 2G2.2 is "fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what §3553 requires." *See United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010). This is because the strict application of U.S.S.G. § 2G2.2 skews sentences even for average offenders to the maximum of the statutory range, regardless of the particular defendant's acceptance of responsibility, criminal history, specific conduct, or degree of culpability. *Id.* at 186. As with so many defendants faced with the application of § 2G2.2, the Defendant's guidelines range is the maximum provided by statute

despite the fact that he has no significant criminal history, no risk of reoffending, and is in no way one of the more egregious consumers, producers or distributors of child pornography.

Courts are not the only ones recognizing the problems inherent in applying § 2G2.2. In a 2010 survey of United States District Judges, 70% of the judges surveyed found that the guideline range for possession of child pornography was too high. (See Exhibit A, "Results of Survey of United States District Judges (January 2010-March 2010)"). Of those same judges, 41% believed that probation, home confinement, or a split sentence of imprisonment and home confinement should be made more available in cases of child pornography possession. (See Exhibit A). In a letter addressed to Judge William Sessions of the Sentencing Commission, the Department of Justice asked for this same Guideline to be amended to reflect changes in the use of technology to commit child exploitation crimes and to better calibrate the severity and culpability of defendants' criminal conduct with the applicable guideline sentencing ranges. (Letter from Jonathan Wrobelewski to Judge William K. Sessions (June 28, 2010)).

Based on the foregoing, this Court should recognize the injustice of applying the U.S.S.G. §2G2.2 and the utter lack of empirical evidence used to support its draconian results. This Court should acknowledge that the Guideline is of small assistance in this area of sentencing, and sentence the Defendant solely under the factors presented in 18 U.S.C. § 3553(a). Some improvement can be found in the concessions of the Government. If the Court were to grant the objections raised by the Defendant further improvement could be found. However this "improvement" in child pornography sentencing guidelines, does not end Defendant's continuing objection that the §2G2.2 Sentencing Guideline is unconstitutional in violation of the 5th and 8th Amendments to the Constitution of the United States.

## §3553(a) FACTOR ANALYSIS

The Court has discretion to sentence below the range specified by the guidelines if it determines "that there exists a… mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a [lower] sentence." 18 U.S.C. § 3553(b) (2010); *see also* U.S.S.G. § 5K2.0. In fashioning a sentence that is *sufficient, but no greater than necessary*, the Court must consider additional factors besides the correct federal sentencing guidelines calculation, including (1) the nature and circumstances of the offense, (2) the personal history and character of the defendant, (3) the seriousness of the offense, (4) respect for the law, (5) punishment, (6) deterrence, (7) protection of the public from the defendant's potential future criminal conduct, (8) rehabilitation of the defendant and (9) the kinds of sentences available.  18 U.S.C. §3553(a).

**A. Application of the Guidelines Unjustly Treats the Defendant as a trafficker instead of a possessor.**

Anyone who possesses child pornography by computer received it from the internet, unless he was an actor engaged in creating and saving child pornography.  Thus a charge under §2252A(a)(2)(A) will be present in virtually every case with facts similar to those underlying indictment in this case.  Certainly the statutory scheme of sanctioning violators who are traffickers more seriously than possessors has a logic to it.  Those with massive collections are certainly more culpable than those with a minor collection, and a fair inference of trafficking can be drawn with a large, well organized data.  Here however, the Defendant's collection was clearly (as described by him) for his own observation and the amount  was fairly modes.  In this sense, the guidelines are so severe because of the "receipt" factor.  There is an available downward departure

of two (levels) if the Defendant is not considered a "trafficker" - one who wishes to distribute, under §2G2.2(b)(1).  The Defendant merely requests that the Court look at his conduct, and not group him with others with different actions and different motives.

### B. The Defendant Has Rehabilitative Character

Despite the issues which have brought the Defendant before the Court, his personal history shows a man of accomplishment who provided valuable service to the communities he has lived.  For much of his adult life, the Defendant has been an educator and active in church where he had lived He is a man of education and compassion as evidenced by the letters previously submitted on his behalf in mitigation.  There is no reason to believe he will not contribute in similar ways, even while on supervised release.

### C. A Guideline Sentence is Akin to a Life Sentence

The Pre-Sentence report suggests that the Guideline range at the maximum is 360 months.  The Defendant will be 80 years old in April of 2019.  In reality, any sentence that the Court imposes will be a life sentence.  This is further borne out by the long lists of physical aliments of which the Defendant suffers.  Additionally, the Court has had the opportunity to personally observe the physical condition of the Defendant.   A guideline sentence of  is much more than is necessary to achieve the sentencing purposes underlying the Defendant's conduct and sentencing goals.

The Defendant's offense is a "crime of violence" because the law recognizes that the victims of this crime have been treated with violence and the viewers of the child pornography contribute to that violence.  Falling into this category of offense, however does not make the Defendant a violent man. He has much to offer society and needs the chance to make that offer.

        **Respectfully submitted,**
        **TEOTIM CIZMAR, Defendant**




      **By:** */s/ Lawrence T. Solava*
         **LAWRENCE T. SOLAVA**
         **Attorney for the Defendant**



**LAWRENCE T. SOLAVA**
**BECKETT LAW OFFICE, P.C.**
**508 South Broadway Avenue**
**Urbana IL  61801**
**(217) 328-0263 [Voice]**
**(217) 328-0290 [Facsimile]**
[lawrence@beckettlawpc.com](mailto:lawrence@beckettlawpc.com)
**A.R.D.C. # 6243927**

# CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2018, I electronically filed the above Defendant Cizmar's Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Elly M. Peirson: Assistant U.S. Attorney - 201 South Vine Street, Urbana, IL

and I hereby certify that on November 6, 2018, I mailed by United States Postal Service, first class postage prepaid and legibly addressed, the document(s) to the following non-registered participants:

    N/A

                      */s/ Lawrence T. Solava*
                      **LAWRENCE T. SOLAVA**
                      **Attorney for the Defendant**

**LAWRENCE T. SOLAVA**
**BECKETT LAW OFFICE, P.C.**
**508 South Broadway Avenue**
**Urbana IL  61801**
**(217) 328-0263 [Voice]**
**(217) 328-0290 [Facsimile]**
lawrence@beckettlawpc.com
**A.R.D.C. # 6243927**